UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-230-HRW

NORBERT STEVEN WILCOX                                              PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, WARDEN                                                RESPONDENT

***** ***** ***** ***** *****

Petitioner Norbert Steven Wilcox ("Wilcox"), an individual presently confined at the Eastern Kentucky Correctional Complex ("E.K.C.C.") in West Liberty, Kentucky, filed this petition for habeas corpus pursuant to 28 U.S.C. §2254.[1] [Record No. 1]

In his petition, Wilcox alleges that on May 12, 2005, he and another inmate left the mess hall around noon to return to their cells but were unable to go back inside their cells, as they are required to do, because the cell doors were locked. E.K.C.C. officers charged Wilcox and the other inmate with loitering, a category 4-7 violation. On May 27, 2005, Wilcox was found guilty of the offense, and was therefore placed in segregation for a period of 45 days. Wilcox's appeal to the warden was denied on June 24, 2005. Wilcox asserts that his conviction and punishment:

> (1) violated his rights under the Sixth Amendment to the Constitution of the United States because he presented a witness on his behalf during the hearing who testified that Wilcox was innocent of the offense;
>
> (2) violated the Kentucky Correctional Policies and Procedures 15.6 because the

---

[1] This action was incorrectly docketed initially as a civil rights action under 42 U.S.C. §1983; the Clerk of the Court will be directed to correct the docket to reflect that petitioner filed this action pursuant to 28 U.S.C. §2254.

> charging officer failed to present any "real evidence" and any eyewitnesses to traverse Wilcox's defense;
>
> (3) violated his rights under the Ninth Amendment to the Constitution of the United States by failing to provide him a fair trial and by preventing him from being inside his cell to avoid the violation; and
>
> (4) violated his rights under the Fourteenth Amendment to the Constitution of the United States by failing to provide him a fair trial by using the incriminating statements of inmate Oaks against him and to disclose evidence in his favor.

Wilcox requests reversal of the decision to place him in segregation for 45 days,[2] dismissal of the two officers involved in bringing the charge, and transfer to another facility.

The facts and claims raised in Wilcox's petition under Section 2254 are identical to those asserted by Wilcox in a companion civil rights action under Section 1983, recently dismissed by this Court pursuant to 28 U.S.C. §1915(g). *Wilcox v. Smith, et al.*, 05-231-HRW.[3] Notably, Wilcox has not mentioned nor challenged the loss of any good time credits, a penalty frequently imposed as part of a sentence imposing administrative segregation.

A habeas corpus petition under Section 2254 is a remedy available to challenge the fact or duration of confinement. *See, e.g.*, *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). Here, however, Wilcox does not seek to challenge any loss of good time credits, but only his placement in segregation. Such a challenge is not a challenge to the fact or duration of his confinement, but instead to the conditions under which that confinement is imposed.

---

[2] While it is possible, indeed probable, that Wilcox has already served the punishment imposed here, thus rendering this issue moot, in the absence of facts presently in the record so indicating, the Court will assume the contrary.

[3] Although Wilcox has recently filed a motion for summary judgment where he describes this action as arising under Section 1983 [Record No. 5], it appears he has confused this action with his companion case, wherein he filed a contemporaneous motion for summary judgment describing that action as arising under Section 2254.

Accordingly, his claim is more properly characterized as a civil rights complaint under Section 1983.[4]  *Tucker*, 925 F.2d at 332.

A case presenting almost identical facts and issues is *Adams v. McGinnis*, 317 F.Supp.2d 246 (W.D.N.Y. 2004).  In that case, a state prisoner filed a habeas corpus petition pursuant to 28 U.S.C. §2254 challenging his punishment of being placed in five months administrative segregation on procedural due process grounds.  The Court stated:

> "This action appears to be one that should have been brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254, because the disciplinary sentence challenged herein does not impact the overall length of the plaintiff's confinement on his state court criminal conviction."

*Id*. at 246 (citing *Edwards v. Balisok,* 520 U.S. 641 (1997) and *Heck v. Humphrey,* 512 U.S. 477 (1994)).  As in *Adams*, Wilcox is challenging only the punishment of 45 days in administrative segregation, and does not complain of any loss of good time credits.  Accordingly, Wilcox's petition must be construed as a civil rights complaint under 42 U.S.C. §1983.  *Oken v. Sizer*, 321 F.Supp.2d 658 (D.Md. 2004) (habeas corpus petition challenging manner in which sentence is carried out must be construed as civil rights complaint challenging conditions of confinement rather than second or successive habeas corpus petition challenging fact or duration of sentence itself); *Chambers v. United States,* 106 F.3d 472, 475 (2d Cir.1997) (*pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law).  Unlike the Court in *Adams*, however, the Court does not find

---

[4] Even if the Court were to allow Wilcox's characterization of his petition as one arising under Section 2254 to stand, the petition would have to be dismissed for failure to allege and demonstrate exhaustion of available remedies through the state court system.  28 U.S.C. § 2254(b)(1); *Jenkins v. Duncan,* 2003 WL 22139796, *4 (N.D.N.Y. Sept. 16, 2003).

it necessary to afford Wilcox the opportunity to demonstrate that this action was properly filed under Section 2254 before recharacterizing his petition as a complaint under 42 U.S.C. § 1983: while the Court must construe a *pro se* petitioner's claims in a light favorable to him, it need not manufacture claims which do not have a plausible basis in light of the facts actually pled in the petition.

So construed, Wilcox's civil rights action under 42 U.S.C. §1983 must be dismissed and his application to proceed *in forma pauperis* must be denied pursuant to 28 U.S.C. §1915(g). As the Court noted in dismissing Wilcox's companion civil rights case, *Wilcox v. Smith*, 05-231-HRW, prior to this case Wilcox has filed six *pro se*, *in forma pauperis* civil rights actions and two habeas corpus petitions in the last twelve months, all arising out of various disciplinary proceedings against him during his incarceration:

> 1. On March 25, 2005, Wilcox sued several officers at the Northpoint Training Center in Burgin, Kentucky, pursuant to 42 U.S.C. §1983 challenging disciplinary action against him arising out of an altercation between himself and several officers. The complaint was dismissed upon initial screening for failure to state a claim, a determination upheld on appeal by the United States Court of Appeals for the Sixth Circuit. *Norbert Steven Wilcox v. David Mudd, et al.*, Civil Action No. 05-CV-106-JMH [Record Nos. 8, 11, and 12 therein].
>
> 2. Wilcox also raised the same factual issues in a habeas corpus petition pursuant to 28 U.S.C. §2254 in *Norbert Steven Wilcox v. James L. Morgan*, Civil Action No. 05-CV-111-KSF, which remains pending before this Court.
>
> 3. The same day, Wilcox filed another civil rights complaint pursuant to 42 U.S.C. §1983 asserting that the defendant, an officer at the Northpoint Training Center, discriminated against him during an incident at the facility in violation of his civil rights. The complaint was dismissed upon initial screening for failure to state a claim as the statute of limitations had expired, and in the alternative for failure to exhaust administrative remedies. The dismissal was upheld on appeal by the United States Court of Appeals for the Sixth Circuit. *Norbert Steven Wilcox v. Connie Burton*, Civil Action No. 05-CV-107-JMH [Record Nos. 3, 11,

and 12 therein].

4.  Ten days later on April 4, 2005, Wilcox raised the same factual issues in a habeas corpus petition filed pursuant to 28 U.S.C. §2254 in *Norbert Steven Wilcox v. James L. Morgan*, Civil Action No. 05-CV-126-KSF, which remains pending before this Court.

5.  On March 31, 2005, Wilcox filed his third civil rights complaint pursuant to 42 U.S.C. §1983, asserting that another officer at the Northpoint Training Center violated his constitutional rights by terminating him as a "gym helper" at the facility in 2004.  The complaint was dismissed upon initial screening for failure to exhaust administrative remedies.  The United States Court of Appeals for the Sixth Circuit upheld the dismissal on appeal as the complaint failed to state a claim upon which relief could be granted.  *Norbert Steven Wilcox v. Travis Bowen*, Civil Action No. 05-CV-120-JMH [Record Nos. 8, 16, and 17 therein].

6.  Four days later on April 4, 2005, Wilcox filed his fourth civil rights complaint pursuant to 42 U.S.C. §1983.  The facts alleged in his complaint appear to arise out of the same altercation that gave rise to Wilcox's first complaint, *Norbert Steven Wilcox v. David Mudd, et al.*, Civil Action No. 05-CV-106-JMH.  The Court dismissed the complaint upon initial screening for failure to exhaust administrative remedies, and the Sixth Circuit upheld the dismissal on appeal. *Norbert Steven Wilcox v. Walter Gribbins*, Civil Action No. 05-CV-125-JBC [Record Nos. 3, 11, and 12 therein].

7.  On October 31, 2005, Wilcox filed his fifth civil rights complaint pursuant to 42 U.S.C. §1983, asserting that an officer at E.K.C.C. injured him in an altercation in his cell.  After Wilcox failed to respond to a Deficiency Order entered by the Court, his complaint was dismissed for failure to prosecute. *Norbert Steven Wilcox v. Jimmy L. Hill*, Civil Action No. 05-CV-203-HRW [Record Nos. 1, 2, and 3 therein].

8.  The same day, Wilcox filed his sixth civil rights action pursuant to 42 U.S.C. §1983 asserting that the defendants violated his civil rights by causing him to be charged with a category 4-7 infraction for failing to lock down and a category 4-8 infraction for demonstration.  After Wilcox again failed to respond to a Deficiency Order entered by the Court, his complaint was dismissed for failure to prosecute. *Norbert Steven Wilcox v. Ralph Smith and William Manning*, Civil Action No. 05-CV-208-HRW [Record Nos. 1, 6, and 8 therein].

The applicable statute, 28 U.S.C. §1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The foregoing listing of his cases demonstrates that, while incarcerated, Wilcox has filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim. Pursuant to 28 U.S.C. §1915(g), his right to proceed *in forma pauperis* is suspended unless the prisoner "is under imminent danger of serious physical injury." In the present case, Wilcox has not alleged any imminent danger to his health or life, nor would the facts described in his complaint permit such an assertion. Accordingly, Wilcox's complaint must be dismissed without prejudice under 28 U.S.C. §1915(g).

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

1. This action was incorrectly docketed initially as a civil rights action under 42 U.S.C. §1983; the Clerk of the Court is directed to correct the docket to reflect that Petitioner filed this action pursuant to 28 U.S.C. §2254.

2. The instant action is **DISMISSED**, *sua sponte*, without prejudice.

3. Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

4. Plaintiff's motion for summary judgment [Record No. 5] is **DENIED AS MOOT**.

5. This is a **FINAL** and **APPEALABLE** order.

6. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d at 610-11; *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

7. This matter (05-230-HRW) is **STRICKEN** from the active docket of the Court.

This April 15, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge